IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)


Joyce del Campo-Aguila, ind. o/b/o
A.S. and A.R.; and Orlando Javier Aguila

Plaintiff(s),                                                    Case No.

vs.
American Institute for Foreign Study, Inc.
d/b/a Au Pair in America;
Stephanie Stephenson Martins;
Rayane Aparecida Santos De Olivera;

        Defendant(s).
_____/


## **COMPLAINT**

COMES NOW, the Plaintiffs Joyce del Campo-Aguila individually and on behalf of her children A.S. and A.R., and Orlando Javier Aguila, and file this lawsuit against the Defendants American Institute for Foreign Study, Inc. d/b/a Au Pair in America (hereinafter "Au Pair in America"); Stephanie Stephenson Martins (hereinafter "Martins"); and Rayane Aparecida Santos De Olivera (hereinafter "Olivera") and state as follows in support thereof:

Allegations Applicable to all Counts

1.      This is an original action within the jurisdiction of this Federal Court as the amount in controversy and the amount of damages claimed by the Plaintiffs in good faith in this lawsuit exceed $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code §

1332, and this action is between citizens of different States and citizens or subjects of a foreign state as at the time this lawsuit was filed:

    a. Plaintiff Joyce del Campo-Aguila and Orlando Javier Aguila, and their minor children A.S. and A.R., are domiciled in and citizens of the State of Florida.

    b. Defendant Au Pair in America is a foreign corporation with its principal place of business in Fairfield County, Connecticut;

    c. Defendant Martins is a citizen of and domiciled in Fulton County, Georgia;

    d. Defendant Olivera, is a citizen of and domiciled in Brazil.

2.    Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S. Code § 1332.

3.    Venue is proper in the Southern District of Florida pursuant to 28 U.S. Code § 1391(b)(2), because the Southern District of Florida is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

4.    On the date of the subject incident May 3, 2019,  Joyce del Campo-Aguila was the parent and natural guardian of her minor dependent children and therefore is authorized to bring the instant action on their behalf as their guardian and next friend pursuant to Florida Statutes 744.301 and Federal Rule of Civil Procedure 17(c), in that:

    a. A.S. was a minor, unmarried, dependent child of the Plaintiff, who was 15 years old at the time of the subject incident.

    b. A.R. was a minor, unmarried, dependent child of the Plaintiff, who was 13 years old at the time of the subject incident.

5.      Defendant Au Pair in America is a foreign corporation with its principal place of business in Connecticut. Jurisdiction over this Court over Au Pair in America is proper pursuant to Florida Statutes Section 48.193 as at all times material;

      a.  Au Pair in America was operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida consisting of arranging, employing, supervising, and contracting with citizens of the State of Florida to provide childcare, transportation, and housekeeping services.

      b.  Causing injury to the Plaintiff within the State of Florida arising out of acts or omissions by Au Pair in America while it was engaged in solicitation or service activities within the State of Florida consisting of arranging, employing, supervising, and contracting with citizens of the State of Florida to provide child care and housekeeping services.

      c.  Entering into contracts with citizens of the State of Florida including Defendant Martins.

6.      Defendant Martins is a resident of Miami-Dade County, Florida.

7.      Defendant Olivera is foreign citizen and resident of Brazil who at all times material was operating a motor vehicle in the State of Florida or in the alternative is currently concealing her whereabouts. Accordingly jurisdiction over and service of process over Olivera are proper pursuant to Florida Statutes Section 48.171; Federal Rule of Civil Procedure (4)(f); and *The Hague Convention on Service of Process Abroad*, and/or the *Inter-American Service Convention and Additional Protocol*.

8.      All allegations contained herein have been asserted in the alternative and regardless of consistency as permitted pursuant to Federal Rule of Civil Procedure 8(a).

9.     All documents referenced herein have been requested in discovery and shall be filed in support of this Complaint once obtained.

## COUNT I – Au Pair in America
(Negligence - Nondelegable Duty Assumed by Contract)

10.    Plaintiffs repeat and reallege paragraphs 1-9.

11.    At all times material Au Pair in America entered into a service contract (the "Contract") with Martin through which Au Pair America agreed to provide childcare, transportation, and housekeeping services, to Martin for a fee.

12.    Pursuant to the terms of this Contract Au Pair in America agreed to arrange for Olivera to work as a live-in au pair for Martin and also provide the following services;

   a.  Au pair orientation and training, including driving, and road safety, orientation training; including driver safety instruction specifically concerning the transportation of children.

   b.  Ensuring that Olivera was properly trained, qualified, and licensed to perform her duties including the operation of motor vehicles in relation to the transportation of children.

   c.  Conducting a comprehensive background investigation of Olivera.

   d.  Payroll services and wages for Olivera.

   e.  childcare, transportation, and housekeeping services;

   f.  Fully monitoring all au pair exchanges and regularly report any issues or complaints or issues with the work of Olivera.

   g.  Regular supervision and direction by Au Pair in America's employees.

   h.  Recruitment, interviewing and selection of the au pair and host family

   i.  Administrative and support services during the exchange

j.  Round trip transportation between designated cities abroad and the au pair orientation site.

13.   Accordingly, at all times Au Pair in America had a nondelegable duty of care to third parties including the Plaintiff to perform these duties with requisite degree of skill and with reasonable care.[1]

14.   At all times Au Pair in America knew or should have known that failure to properly train, instruct, and supervise Oliveira concerning the operation of motor vehicles, transportation of children, and the use of roadways in the State of Florida could foreseeably result in injury to pedestrians including the Plaintiff.

15.   Accordingly, Au Pair in America's conduct in failing to properly, train, instruct, and license Olivera when it had contracted with Martin to do so created a foreseeable zone of risk to third parties including the Plaintiff.

16.   Au Pair in America breached these nondelegable duties of care it assumed by contract when it engaged in the following acts or omissions;

a.  Failing to ensure that Olivera was adequately, trained, educated, and licensed to operate a motor vehicle, in the State of Florida.

b.  Failing to ensure that Olivera was qualified to transport children to and from their school in the State of Florida.

---

[1]*See Gordon v. Sanders,* 692 So. 2d 939, 941 (Fla. 3d DCA 1997)*; CH2M Hill Se., Inc. v. Pinellas Cnty.*, 698 So. 2d 1238, 1240 (Fla. 2d DCA 1997) ("[w]here an express provision within a professional services contract provides for a heightened standard of care, however, the professional must perform in accordance with the terms of the contract"); *Atchley v. First Union Bank*, 576 So. 2d 340, 343-44 (Fla. 5th DCA 1991) (". . .although the duty to perform may be delegated to an independent contractor, the liability for misfeasance cannot be avoided by the person who obligated himself originally to perform the contract").

    c.   Failing to properly, screen, select, and interview Olivera when it was apparent she was incompetent or unqualified, to operate a motor vehicle on public roadways in the State of Florida.

    d.   Failing to properly supervise Olivera when Au Pair in America had contractually agreed to ensure all aspects of Olivera's employment in the United States would be regularly monitored and controlled by Au Pair in America's corresponding Community Counselor assigned to Olivera.

17.    As a direct and proximate result of the foregoing negligence, on May 3, 2019, Plaintiff was injured when Olivera negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

18.    As a further direct and proximate result and/or concurring cause of the negligence of Au Pair in America as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

    a.   Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

    b.    Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

    c.    As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

19.    At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Au Pair in America for all damages available under Florida law, and trial by jury.

### COUNT II – Au Pair in America
(Negligence - Restatement (Second) of Torts §§  323-324A (1965))

20.    Plaintiffs repeat and reallege paragraphs 1-9.

21.    This is an action pursuant to the *Restatement (Second) of Torts § 324A (1965)*, and *Wallace v. Dean*, 3 So. 3d 1035, 1051 (Fla. 2009).

22.    At all times material Au Pair in America undertook either, gratuitously or for consideration, the obligation to ensure that Olivera as its agent, contractor, or employee, was qualified, and competent to discharge her duties in a safe and reasonable manner.

23.    In addition to the foregoing duties and responsibilities Au Pair in America voluntarily undertook all statutory duties imposed upon it as sponsor of a foreign exchange program pursuant to 22 CFR 62.31.

24. Specifically, Au Pair in America undertook either, gratuitously or for consideration the following duties and obligations;

    a. To provide orientation and training to Olivera, including driving, and road safety, orientation training, and driver safety instruction specifically concerning the transportation of children.

    b. To ensure that Olivera was properly trained and competent to operate motor vehicles for the purpose of transporting children to and from school.

    c. To regularly supervise and direct the activities, and work of Olivera through Au Pair in America's Community Counselor.

    d. To ensure that Olivera was properly licensed and competent to operate motor vehicles in the State of Florida while acting in furtherance of her child care and transportation duties.

25. At all times Au Pair in America knew or should have known that failure to properly train, instruct, and supervise Oliveira concerning the operation of motor vehicles, transportation of children, and the use of roadways in the State of Florida could foreseeably result in injury to pedestrians including the Plaintiff.

26. Accordingly, Au Pair in America's conduct in failing to exercise reasonable care concerning the duties it voluntarily undertook, created a foreseeable zone of risk to third parties including the Plaintiff.

27. Au Pair in America breached these duties of care when it engaged in the following acts or omissions;

    a. Failing to ensure that Olivera was adequately, trained, educated, and licensed to operate a motor vehicle, in the State of Florida.

b. Failing to ensure that Olivera was qualified to transport children to and from their school in the State of Florida.

c. Failing to properly, screen, select, and interview Olivera when it was apparent, she was incompetent or unqualified, to operate a motor vehicle on public roadways in the State of Florida.

d. Failing to properly supervise, Olivera when Au Pair in America had contractually agreed to ensure all aspects of Olivera's employment in the United States would be regularly monitored and controlled by Au Pair in America's corresponding Community Counselor assigned to Olivera.

28.     As a direct and proximate result of the foregoing negligence, on May 3, 2019, Plaintiff was injured when Olivera negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

29.     As a further direct and proximate result and/or concurring cause of the negligence of Au Pair in America as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

a. Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

b.  Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

c.  As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

30.    At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Au Pair in America for all damages available under Florida law, and trial by jury.

<u>**COUNT III – Au Pair in America**</u>
(Negligence - Agency/Vicarious Liability)

31.    Plaintiffs repeat and reallege paragraphs 1-9.

32.    At all times material Au Pair in America hired, retained, employed, or contracted Olivera to perform work on its behalf as a live-in au pair in the United States.

33.    Subsequently, Olivera accepted this offer by Au Pair in America to act on its behalf in providing childcare, transportation, and housekeeping services in the United States.

34.    At all times material Au Pair in America sufficiently controlled the actions of Olivera in that;

a.  Au Pair in America required Olivera at all times to undergo driver education and transportation safety training which she was required to abide by at all times during the period she agreed to work for Au Pair in America.

b.  Au Pair in America at all times was responsible for controlling the type of work performed by Olivera.

c.  Au Pair in America at all times was required to conduct a physical examination of Olivera to ensure she was capable of performing her duties;

d.  Pursuant to Code of Federal Regulations § 62.31(l); Au Pair in America was required to fully monitor Olivera's activities while she was in the United States.

e.  Pursuant to Code of Federal Regulations § 62.31(j); Au Pair in America was responsible for controlling the hours worked, the nature of work, and the amount of compensation paid to Olivera.

f.  Pursuant to Code of Federal Regulations § 62.31(f-g); Au Pair in America was required to ensure that Oliveira completed all necessary orientation and training to perform her duties.

g.  Pursuant to Code of Federal Regulations § 62.31(d-e); Au Pair in America controlled and was responsible for

i.  Selecting the location of Olivera's employment;

ii.  Selecting Olivera's travel and living arrangements;

iii.  Personally interviewing Olivera to ensure she was suitable for her work;

iv.  Conducting a background investigation and personality profile to ensure Olivera was suitable to perform the work she was hired to perform.

h.  Assuming sole responsibility for Olivera's travel to and from the United States.

    i.    At all times Au Pair in America restricted and controlled the employment activities of Olivera to ensure she was at all times solely engaged in providing childcare and child transportation services on its behalf and with its approval in the United States.[2]

35.    At all times material on May 3, 2019, Olivera was acting on behalf of Au Pair in America in the capacity of its, agent, worker, and/or employee and in the course and scope of the duties and employment she was obligated to perform on behalf of Au Pair in America and which Au Pair in America was legally obligated to supervise control and monitor.

36.    While acting in the foregoing capacity on behalf of Au Pair in America Olivera negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

37.    Accordingly, Au Pair in America is vicariously liable for the foregoing negligent acts of Olivera which occurred in the course and scope of her employment and/or agency relationship with Au Pair in America.

38.    As a further direct and proximate result and/or concurring cause of the negligence of Au Pair in America as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

    a.    Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability,

---

[2]*See Domino's Pizza, LLC v. Wiederhold*, 248 So. 3d 212, 222 (Fla. 5th DCA 2018) (citing *Hickman v. Barclay's Int'l Realty, Inc.*, 5 So. 3d 804, 806 (Fla. 4th DCA 2009) (explaining it is right of control, not actual control or descriptive labels employed by parties, that determines agency relationship).

loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

b.  Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

c.  As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

39.    At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Au Pair in America for all damages available under Florida law, and trial by jury.

## COUNT IV – Au Pair in America
(Negligence – Selection of Independent Contractor)

40.    Plaintiffs repeat and reallege paragraphs 1-9.

41.    At all times material Au Pair in America hired, retained, employed, or contracted Olivera to perform work on its behalf as a live-in au pair in the United States.

42.    Subsequently, Olivera accepted this offer by Au Pair in America to act on its behalf in providing childcare, transportation, and housekeeping services in the United States.

43.     At all times material in hiring or contracting with Olivera to perform these services, Au Pair in America was required to exercise due care to assure that Olivera was competent to perform the services she was contracted to perform.[3]

44.     Furthermore, Au Pair in America as a "sponsor" of a United States Exchange Visitor Program[4] was obligated by statute to exercise reasonable care in its selection, screening, monitoring, and qualifying of Olivera, including but not limited to

a.  Ensuring that Olivera was competent to operate a motor vehicle on roadways the State of Florida for the purpose of discharging her child care and transportation duties.

b.  Pursuant to Code of Federal Regulations § 62.31(d); ensuring Olivera was physically capable of performing her job duties.

c.  Pursuant to Code of Federal Regulations § 62.31(l); Au Pair in America was required to fully monitor Olivera's activities while she was in the United States.

d.  Pursuant to Code of Federal Regulations § 62.31(j); Au Pair in America was responsible for controlling the hours worked, the nature of work, and the amount of compensation paid to Olivera.

e.  Pursuant to Code of Federal Regulations § 62.31(f-g); Au Pair in America was required to ensure that Oliveira completed all necessary orientation and training to perform her duties, which included the operation of motor vehicles in the United States for the purpose of transporting children.

---

[3]See Fla. Standard Jury Inst. Civil Cases 402.9; *McLaren v. Celebrity Cruises, Inc.*, No. 11-23924-CIV, 2012 U.S. Dist. LEXIS 68321, at *15 (S.D. Fla. May 16, 2012) (following *Suarez v. Gonzalez*, 820 So. 2d 342, 345 (Fla. 4th DCA 2002))
[4]See 22 CFR 62.31; 22 C.F.R. § 62.2 (defining "sponsor" as a legal entity designated by the Secretary of State to conduct an exchange visitor program)

     f.   Pursuant to Code of Federal Regulations § 62.31(d-e);

         i.   Personally interviewing Olivera to ensure she was suitable for her work;

        ii.   Conducting a background investigation and personality profile to ensure Olivera was suitable to perform the work she was hired to perform.

45.    At all times material the work which Olivera was hired to perform consisting of caring for children and operating a motor vehicle on public roadways including through active school zones involved a foreseeable risk of physical harm to others if the work was not skillfully and carefully performed.

46.    Au Pair in America breached these duties of care when it engaged in the following acts or omissions;

     a.   Failing to ensure that Olivera was adequately, trained, educated, competent, and licensed to operate a motor vehicle, in the State of Florida.

     b.   Failing to ensure that Olivera was qualified to transport children to and from their school in the State of Florida.

     c.   Failing to properly, screen, select, and interview Olivera when it was apparent, she was incompetent or unqualified, to operate a motor vehicle on public roadways in the State of Florida.

     d.   Failing to properly supervise Olivera when Au Pair in America had contractually agreed to ensure all aspects of Olivera's employment in the United States would be regularly monitored and controlled by Au Pair in America's corresponding Community Counselor assigned to Olivera.

47.     At all times Au Pair in America knew or should have known that failure to exercise reasonable care in the selecting Olivera and ensuring she was competent to perform her duties could foreseeably result in injury to pedestrians including the Plaintiff.

48.     As a direct and proximate result of the foregoing negligence, on May 3, 2019, Plaintiff was injured when Olivera was in the course and scope of her duties to provide childcare, transportation and housekeeping services and negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

49.     As a further direct and proximate result and/or concurring cause of the negligence of Au Pair in America as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

a.  Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

b.  Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

c.  As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore

A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

50.    At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Au Pair in America for all damages available under Florida law, and trial by jury.

<u>**COUNT V – Au Pair in America & Martins**</u>
(Joint Venture)

51.    Plaintiffs repeat and reallege paragraphs 1-9.

52.    At all times material Au Pair in America and Martins entered into a contractual agreement supported by monetary consideration to select, transport, hire, supervise, and employ Olivera for the common purpose of conducting childcare, transportation, and housekeeping services as an au pair in the United States.

53.    At all times material Au Pair in America and Martins enjoyed a joint right of control and joint proprietary interest in the subject matter of their joint venture in that:

    a.    Au Pair in America and Martins shared in the expenses of employing Olivera as an au pair in the United States.

    b.    Au Pair in America and Martins jointly controlled the nature of, schedule, compensation, and terms of Olivera employment for Au Pair in America and Martins.

    c.    Au Pair in America and Martins were jointly responsible for the training, supervising, direction, and instruction of Olivera.

54.     At all times material Au Pair in America and Martins were both jointly responsible for and entitled to share in the profits and losses inherent in this joint venture in that:

    a.   Both Au Pair in America and Martins would jointly profit from services provided by Olivera while she worked as an au pair. Specifically, Au Pair in America's profits were derived from the fees charged to Martins and Olivera for their role in placing, screening, transporting and supervising Olivera during her travel to and from and work in the United States.

    b.   Martins derived profit from the joint venture by receiving the benefits of a full-time housekeeper, chauffer, and nanny at a reduced and subsidized rate via Au Pair in America's furnishing of Olivera; who was provided with a J-1 Visa under a federally-sponsored visa exchange program.

    c.   Both Martins and Au Pair in America were responsible for sharing in any losses which may have been sustained in the venture including but not limited to losses and liability resulting from negligence, absence, or injury caused by Olivera in improperly performing or failing to perform her duties of employment. In such case Martins and Au Pair in America would jointly be required to pay out and/or suffer losses in the form of the cost of Olivera travel expenses, visa fees, wages, and reemployment expenses.

55.     While acting in furtherance of this joint venture Martins and Au Pair in America hired, employed, or contracted Olivera to provide childcare, transportation, and housekeeping services for Martins' household in Miami-Dade County, Florida.

56.     At all times material Olivera's, wages, expenses, and employment were being jointly paid and compensated by Martins and Au Pair in America.

57.     At all times material on May 3, 2019, in furtherance of this joint venture Martins instructed Olivera to pick up her child from school at Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

58.     At all times material on May 3, 2019, Olivera was acting on behalf of Au Pair in America and Martins in her capacity as their, agent, worker, and/or employee and in the course and scope of the duties she was obligated to perform on behalf of Au Pair in America/Martins, and which Au Pair in America/Martins was legally obligated to supervise control and monitor. While acting in the foregoing capacity on behalf of Au Pair in America Olivera negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

59.     Consequently, Au Pair in America and Martins are jointly and severally liable to the Plaintiffs.

60.     As a further direct and proximate result and/or concurring cause of the negligence of Au Pair in America and Martins as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

    a.   Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money

in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

b. Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

c. As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

61.     At all times the total amount of the foregoing damages claimed by the Plaintiff exceeded $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Au Pair in America and Martins jointly and severally for all damages available under Florida law, and trial by jury.

## COUNT VI – Martins
(Negligence - Agency/Vicarious Liability)

62.     Plaintiffs repeat and reallege paragraphs 1-9.

63.     At all times material Martins hired, retained, employed, or contracted Olivera to perform work on her behalf as a live-in au pair in the United States.

64.     Subsequently, Olivera accepted this offer by Martins to act on her behalf in providing childcare, transportation, and housekeeping services in the United States.

65.     At all times material on May 3, 2019, Olivera was acting on behalf of Martins in her capacity of agent, worker, and/or employee and in the course and scope of the duties she was

obligated to perform on behalf of Martins and which Martins was legally obligated to supervise control and monitor.

66.     While acting in the foregoing capacity on behalf of Martins, Olivera negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

67.     Accordingly, Martins is vicariously liable for the foregoing negligent acts of Olivera which occurred in the course and scope of her employment and/or agency relationship with Martins.

68.     As a further direct and proximate result and/or concurring cause of the negligence of Martins as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

   a.  Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

   b.  Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

   c.  As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore

A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

69.     At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Martins for all damages available under Florida law, and trial by jury.

### COUNT VII – Martins
(Negligent Entrustment)

70.     Plaintiffs repeat and reallege paragraphs 1-9.

71.     At all times material hereto the subject motor vehicle, a 2015 White Toyota Van Lic# CBCQ16, was a dangerous instrumentality, imposing strict vicarious liability upon the individual or entity who owned the subject motor vehicle, Martins, who voluntarily entrusted the subject motor vehicle to Olivera.

72.     At all times material hereto, Martins negligently entrusted the subject motor vehicle to Olivera as she knew or should have known that:

      a.    Rayane Aparecida Santos de Olivera was incompetent, unfit, and/or reckless; and

      b.    Olivera was untrained, unlicensed, and had no prior experience operating motor vehicles in the United States.

      c.    There was an appreciable risk of harm to others including the Plaintiff.

73.     On May 3, 2019, as a direct and proximate result of Martins' negligent entrustment of her vehicle to Olivera, Olivera negligently and carelessly struck the Plaintiff while operating a 2015 White Toyota Van Lic# CBCQ16, when she was transporting Martins' son while exiting the

parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

74.    As a further direct and proximate result and/or concurring cause of the negligence of Martins as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

    a.    Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

    b.    Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

    c.    As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore her minor, dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

75.    At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Au Pair in America for all damages available under Florida law, and trial by jury.

## **COUNT VIII – Martins**
(Dangerous Instrumentality)

76.     Plaintiffs repeat and reallege paragraphs 1-9.

77.     On May 3, 2019, and at all times material hereto the subject motor vehicle, a 2015 White Toyota Van Lic# CBCQ16, was a dangerous instrumentality, imposing strict vicarious liability upon the individual or entity that owned the subject motor vehicle, Martins, who voluntarily entrusted the subject motor vehicle to Olivera.

78.     At said time and place Olivera negligently and carelessly struck the Plaintiff while operating the subject vehicle when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

79.     Therefore, Stephanie Stephenson Martins is strictly vicariously liable for the negligent acts of Olivera as the owner of the subject vehicle.

80.     As a direct and proximate result and/or concurring cause of the negligence of Martins as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

     a.   Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

b.  Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

c.  As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

81.  At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Martins for all damages available under Florida law, and trial by jury.

## **COUNT IX – Olivera**
(Negligence)

67.  Plaintiffs repeat and reallege paragraphs 1-9.

68.  On May 3, 2019, and at all times material hereto Olivera was operating the subject motor vehicle, a 2015 White Toyota Van Lic# CBCQ16.

69.  At said time and place Olivera negligently and carelessly struck the Plaintiff while operating the subject vehicle when she was transporting Martins' son while exiting the parking lot of Downtown Doral Charter Elementary School at 8390 NW 53 Street, in Miami-Dade County Florida.

70.  At all times material hereto Olivera was further negligent in operating the motor vehicle in violation of the following statutes which were enacted to protect the category of persons

including such persons as the Plaintiff from such harm that the Plaintiff did in fact suffer in this case, including but not limited to:

  a.  Florida Statutes § 316.1923. Aggressive careless driving;

  b.  Florida Statutes  §  316.183 unlawful speed;

  c.  Florida Statutes  §  316.1925. Careless driving;

  d.  Florida Statutes § 316.305 Wireless communications devices; prohibition;

  e.  Florida Statutes § 316.130 – Pedestrians;

71.  As a direct and proximate result and/or concurring cause of the negligence of Olivera as described above, Joyce del Campo-Aguila and Orlando Javier Aguila suffered the following damages:

  a.  Joyce del Campo-Aguila suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

  b.  Orlando Javier Aguila who was lawfully married to Joyce del Campo-Aguila at the time of the subject incident by reason of his wife's injury, suffered loss of her services, comfort, society and attentions in the past and in the future.

  c.  As a result of the foregoing negligence Joy del Campo-Aguila suffered a significant permanent injury within the meaning of Florida Statutes 768.0415, and therefore A.S. and A.R., her dependent, unmarried children, are entitled to damages, including damages for permanent loss of services, comfort, companionship, and society.

72.     At all times the total amount of the foregoing damages claimed by the Plaintiffs exceed $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Olivera for all damages available under Florida law, and trial by jury.

By:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law

Will B. Ramhofer, Esq.
RAMHOFER | GARCIA
11900 Biscayne Blvd., Suite 742
North Miami, FL  33181
Telephone: (305) 481-9733
Fax:  (954) 697-0341
wramhofer@ramhofergarcia.com