**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-21146-CV-WILLIAMS**

JOYCE DEL CAMPO-AGUILA, *et al.*,

      Plaintiffs,

v.

STEPHANIE MARTINS, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

**THIS MATTER** is before the Court on Plaintiffs Joyce Del Campo-Aguila ("***Del Campo-Aguila***") and Orlando Aguila's (collectively, "***Plaintiffs***") Motion for Partial Summary Judgment (DE 110) ("***Motion***"). Defendants Rayane Santos De Oliveira ("***Oliveira***") and Stephanie Martins ("***Martins***") (collectively, "***Defendants***") responded (DE 122), Plaintiffs replied (DE 139), and the Parties have filed their respective statements of material facts and responses (DE 109; DE 123; DE 138). For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is granted in part and denied in part.

### I.  BACKGROUND

This case arises from personal injuries sustained by Plaintiff Joyce Del Campo-Aguila on May 3, 2019, at or near Downtown Doral Charter Elementary School, when Defendant Rayane Santos De Oliveira struck her while operating an automobile owned by Defendant Stephanie Martins. According to the Complaint, Oliveira, who was employed at the time as a live-in nanny/housekeeper for Martins, struck Del Campo-Aguila when she was transporting Martins' son from school in Miami, Florida. (DE 65 ¶

15.)  Oliveira, a Brazilian citizen, had been placed as an "au pair" at Martins' household by Au Pair in America, a company that links young foreigners seeking to work in the U.S. with families in need of child-care assistance.  (*Id*. ¶¶ 50–53.)

Au Pair in America was a named defendant in Plaintiffs' operative complaint. However, on April 14, 2023, the Court entered an order terminating Au Pair in America from this lawsuit pursuant to a joint stipulation of dismissal indicating that Plaintiffs and Au Pair in America had settled all of their disputes.  (DE 192, 193.)  Plaintiffs' negligence and related claims remained pending as to Defendants Martins and Oliveira.  (*Id*.)

Plaintiffs allege that Del Campo-Aguila suffered serious injuries as a result of Oliveira striking her with Martins' minivan which has resulted in substantial damages, including pain and suffering, disability, disfigurement, costly medical expenses, loss of past and future earnings, and loss of consortium.  (DE 65 ¶ 36.)  Plaintiffs seek partial summary judgment on the following issues: The liability of Oliveira for the subject accident (Count IX of the Second Amended Complaint); the vicarious liability of Martins for the subject accident based on the dangerous instrumentality doctrine (Count VIII of the Second Amended Complaint); and Defendants' first affirmative defense alleging comparative negligence on the part of Plaintiff Del-Campo-Aguila.[1]

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[O]nly

---

[1] Plaintiffs also sought partial summary judgment on an agency/respondeat superior theory as to Oliveira and Au Pair in America.  However, because Au Pair in America and Plaintiffs have settled all of their disputes and Au Pair in America is dismissed from this case, the Court will not address that issue, as it is no longer before the Court.

disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The party seeking summary judgment carries the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case." *Feinman v. Target Corp.*, No. 11-62480-CV, 2012 WL 6061745, at *3 (S.D. Fla. Dec. 6, 2012) (citing *Celotex*, 477 U.S. at 325). Once the movant satisfies their burden, the burden of production shifts to the non-moving party, which must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). However, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position

will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Evidence that is "merely colorable" or "not significantly probative" is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249–50. At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

### III.   DISCUSSION[2]

At the outset, the Court addresses Defendants' argument that Plaintiff's Motion for Partial Summary Judgment is premature because at the time of the Motion, certain discovery had not been taken. The discovery deadline has since passed and Defendants have made no indication on the record that any additional discovery conducted after the filing of their opposition to the Motion for Summary Judgment should be considered by the Court in its evaluation of the Motion. Additionally, Defendants have failed to comply with Federal Rule of Civil Procedure 56(d), which requires that in order for a court to defer consideration of a motion for summary judgment or allow time for additional discovery, the nonmovant must show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. *See* Fed. R. Civ. P. 56(d); *see also Forbes v. Wal-Mart Stores, Inc.*, No. 17-81225-CV, 2019 WL 3859010, at *8 (S.D. Fla. Aug. 16, 2019) (denying plaintiffs' request for relief under Rule 56(d) and highlighting that the request was "not set forward in a separate motion but [was] instead inserted into a response to a summary-judgment motion."). Furthermore, although Au Pair in America

---

[2] It is not contested that Florida applies in this case.

moved for an extension of time to oppose the Motion for Partial Summary Judgment (DE 114) (which was denied by the Court (DE 125)), the record contains no indication that Defendants Oliveira and Martins joined in this request or filed their own motion for extension of time.  Therefore, the Court will proceed to evaluate the Motion.

### A.  Oliveira's Liability

Plaintiff moves for summary judgment against Oliveira on the issue of liability for the subject accident.   Plaintiff argues that the evidence establishes that Oliveira negligently operated the vehicle by making a left-hand turn and striking Del Campo-Aguila when she was on a median.   "Negligence is typically a jury issue.   Questions regarding reasonable care are issues upon which reasonable people could disagree, and, therefore, they are questions which should be resolved by a jury."   *Stroud by Schuette v. Strawn*, 675 So. 2d 646, 647 (Fla. Dist. Ct. App. 1996) (internal citations omitted).   The Florida Supreme Court has noted that "summary judgment procedures should be applied with special caution in negligence actions."   *Holl v. Talcott*, 191 So. 2d 40, 46 (Fla. 1966) (citations omitted).[3]   Plaintiff is not entitled to summary judgment as to Oliveira's liability because there is a genuine dispute of material fact regarding the care or lack of care exercised by Oliveira.

The subject accident occurred after Oliveira picked up Martins' son from Downtown Doral Charter Elementary School.   Upon being waved on by a police officer who was directing traffic, Oliveira made a left-hand turn onto NW 84th Avenue.   It is undisputed

---

[3] *See also Parkhurst v. Noble*, 238 So. 2d 691, 693 (Fla. Dist. Ct. App. 1970) (noting that "[n]egligence cases are extremely troublesome due to the varied fact situations which they present" and adding that even "where the case is extremely close on the question of negligence or contributory negligence, doubt should always be resolved in favor of a jury trial.") (internal quotation marks and citation omitted).

that Oliveira struck Del Campo-Aguila while making this turn.  (DE 110 at 4; DE 109 ¶ 1; DE 123 ¶ 1.)  However, beyond this, the record is not clear.  Although Plaintiffs assert that Del Campo-Aguila was standing on a median at the time of the accident (*see* DE 109 ¶ 1), the Court is not convinced that the record evidence cited by Plaintiffs establishes this proposition.  Plaintiffs' assertion relies on the deposition testimony of Oliveira, who was the only person with firsthand knowledge of the accident, and whose testimony was cited in the summary judgment briefing.  But Oliveira's testimony is not clear as to the location of Del Campo-Aguila at the time of the accident.  Moreover, Oliveira was asked only leading questions regarding this subject; she first stated that Del Campo-Aguila was "standing a little more upfront" than on a median (DE 109-1 at 108:24–109:1) and later answered "[y]es" when asked "[b]ut in terms of where Ms. Aguila – she was standing in the median, correct?"  (DE 109-1 at 109:4–109:6.)  Consequently, whether Del Campo-Aguila was standing on a median at the time of the accident is a genuine issue of material fact regarding the care or lack of care exercised by Oliveira that precludes the Court from granting summary judgment in favor of Plaintiffs as to Oliveira's negligence.

Nonetheless, Plaintiffs would not be entitled to summary judgment as to Oliveira's liability even if Del Campo-Aguila was standing in or on a median.  Plaintiffs cite no record evidence setting forth the precise location of the alleged median, the nature of the alleged median—i.e., whether it was elevated or flush with the driving surface; whether it was intended for pedestrian use or not; whether it was incorporated into a crosswalk or not— the precise location of the accident, the location that Del Campo-Aguila was standing in or on the alleged median, or how long Del-Campo Aguila was standing in or on the alleged

median before the accident. [4]  Plaintiffs also fail to establish from what origin Oliveira was turning onto NW 84th Avenue.  Based on the evidence cited, Oliveira could have been turning left onto NW 84th Avenue from NW 53rd Street or from the school parking lot.[5]  Depending on the origin of Oliveira's turn, she could have stricken Del Campo-Aguila at various points along NW 84th Avenue.  Assuming the median spanned the relevant range of NW 84th Avenue, it could have different characteristics at different parts of NW 84th Avenue.   One part might be at an intersection and incorporated into a pedestrian crosswalk; another part might be in the middle of the roadway, far from a crosswalk and not intended for pedestrian use.  Regardless of the origin of Oliveira's turn, Plaintiffs cite no evidence describing the nature of the median or where on the median Del Campo-Aguila was standing when she was hit, so it is possible that the median was not intended for pedestrians, was flush with the driving surface, and that Oliveira intersected the median by mere inches when she struck Del Campo-Aguila.  Without knowing the location

---

[4] Plaintiffs attach the "Florida Traffic Crash Report" ("**Report**") regarding the subject accident to their Reply Statement of Material Facts.  (DE 138-3.)  First, it is not clear whether the Report was created by someone with firsthand knowledge of the accident. Second, although the Report contains a diagram that depicts the location of the accident (DE 138-3 at 3), the diagram incorrectly places the school north of NW 53rd Street (the school is south of NW 53rd Street) and contains no depiction of the school parking lot, despite the statement in the Report's "Narrative" that the Vehicle was "attempting to exit the parking lot at 8390 NW 53rd St."  (*Id.* at 2.)  Third, the Report is equivocal as to placement of events.  It indicates that the "First Harmful Event Location" was "On Roadway" (DE 138-3 at 1) and that Del-Campo Aguila's "Action Prior to Crash" was "In Roadway," but that Del Campo-Aguila's "Location at Time of Crash" was "Median/Crossing Island" (*id.* at 2).  In any case, the Report does not suffice to clarify the multiple unanswered material facts the Court has identified with respect to Oliveira's alleged negligence for the subject accident.

[5] The testimony Plaintiffs elicited from Oliveira is ambiguous.  Oliveira appears to have indicated both that she was turning left onto NW 84th Avenue from NW 53rd Street and that she was turning left onto NW 84th Avenue from the school parking lot.  (*See* DE 109-1 at 105:8–108:2.)

of the median, the nature of the median, or the location on the median that Plaintiff was struck, the Court is unable to conclude that Oliveira breached the duty of care when the vehicle she was driving struck Del Campo-Aguila.

Plaintiffs argue that Oliveira's guilty plea to a civil citation of careless driving[6] in connection with the subject accident and her lack of a valid Florida driver's license at the time of the accident[7] is admissible evidence of negligence.  Whether or not this evidence is admissible for the purposes Plaintiffs seek, the evidence would not establish that Oliveira is liable for the accident as a matter of law at the summary judgment stage. Under Florida law, the violation of a traffic regulation is only evidence of negligence, not a means of establishing liability as a matter of law.  *See Ridley v. Safety Kleen Corp.*, 693 So. 2d 934, 937 (Fla. 1996) ("It is well established in Florida that a violation of a traffic regulation ordinarily constitutes evidence of negligence, and, when there is evidence of such a violation, the jury should be instructed on the effect of such a violation on the issue of negligence.") (citations omitted); *see also deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973) (determining that violations of traffic regulations would not result in negligence *per se* but rather would only constitute evidence of negligence, noting that the court "has consistently distinguished [traffic regulations] from other penal statutes and ordinances.").  Furthermore, Florida Standard Jury Instruction (Civil) 401.9, cited by the Parties in their joint proposed jury instructions (DE 196-4 at 29), states that "Violation of this [statute] [ordinance] [regulation] is evidence of negligence.  It is not, however, conclusive evidence of negligence.  If you find that (defendant or individual(s) claimed to

---

[6] *See* Fla. Stat. § 316.1925(1).

[7] *See* Fla. Stat. § 322.031.

have been negligent) violated this [statute] [ordinance] [regulation], you may consider that fact, together with the other facts and circumstances, in deciding whether such person was negligent."  Therefore, to the extent Plaintiffs argue that they are entitled to summary judgment on this basis alone, the Motion must be denied.

### B. Martins' Vicarious Liability

Plaintiff moves for summary judgment against Martins for vicarious liability based on the dangerous instrumentality doctrine.  Florida's dangerous instrumentality doctrine "imposes strict, vicarious responsibility upon the owner or other possessor of a motor vehicle who voluntarily entrusts it to another for any subsequent negligent operation which injures a member of the travelling public."  *Hertz Corp. v. Jackson*, 617 So. 2d 1051, 1052 (Fla. 1993) (internal quotation marks and citation omitted).  "Under this doctrine, an owner who gives authority to another to operate the owner's vehicle, by either express or implied consent, has a nondelegable obligation to ensure that the vehicle is operated properly." *Id*. at 1053 (citations omitted).  It is undisputed that at the time of the subject accident, Martins had voluntarily entrusted her motor vehicle to Oliveira, who was a permissive user of the subject vehicle.  (DE 109 ¶ 7; DE 123 ¶ 7.)  Therefore, Plaintiff is entitled to summary judgment against Martins for vicarious liability based on the dangerous instrumentality doctrine.[8]

---

[8] In response to Defendants' contention that vicarious liability against Martins would be limited by Florida Statutes section 324.021(9)(b)(3), Plaintiffs argue that the cap on damages under Section 324.021(9)(b)(3) is inapplicable to any finding of direct liability on the part of Martins.  The dangerous instrumentality doctrine is indeed a form of vicarious liability, not a form of direct liability.  *See Rippy v. Shepard*, 80 So. 3d 305, 306 (Fla. 2012) (noting that "Florida's dangerous instrumentality doctrine imposes vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.") (Internal quotations marks and citation omitted).  However, the Court will not address Plaintiffs' argument further insofar as it relates to the direct negligence of Martins.  Plaintiffs have not moved for summary

### C. *Del Campo-Aguila's Comparative Negligence*

Plaintiffs move for summary judgment on the issue of Del Campo-Aguila's comparative negligence for the subject accident. "Under Florida's system of comparative negligence, recovery is to be allocated by the proportionate fault of all individuals whose negligence contributed to the injury, whether or not said individuals have filed claims." *Birge v. Charron*, 107 So. 3d 350, 358 (Fla. 2012) (citation omitted); *see also* Fla. Stat. §§ 768.81(2), (3).

Plaintiffs argue that the record is absent of any evidence which would create a genuine issue of material fact as to Del Campo-Aguila's comparative negligence.  In opposition, Defendants contend that, according to Del Campo's deposition testimony, "[i]t appears that in fact she was in the middle of the roadway" at the time of the accident. (DE 122 at 5.)  This proposition is flatly unsupported by Del Campo-Aguila's testimony because Del Campo-Aguila testified that she had no recollection of the day on which the accident occurred.  (DE 124-1 at 62:8–63:11.)  However, as discussed above, Plaintiffs have failed to establish that Del Campo-Aguila was standing on a median at the time of the accident.  Plaintiffs rely on Oliveira's testimony, which was ambiguous as to the location of Del Campo-Aguila at the time of the accident.  *See supra* at 6.  And, as the Court has discussed above, even if Del Campo was standing in or on a median, there is no record evidence setting forth whether the median was intended for pedestrian use, the location that Del-Campo Aguila was standing on the median and for how long, or whether the median was elevated or flush with the driving surface.  These unanswered questions have a bearing on whether Del Campo-Aguila was comparatively negligent.

---

judgment on their claim of direct negligence against Martins and, therefore, the issue is not currently before the Court.

Drawing all inferences from the evidence in the light most favorable to the nonmoving Defendants and resolving all reasonable doubts about the facts in their favor, as the Court must, *see Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008), the Court cannot conclude as matter of law that Del Campo-Aguila was in no way comparatively negligent for the subject accident.   Therefore, Plaintiff's motion for summary judgment on this issue is denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (DE 110) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.   The Motion is denied as to the negligence of Defendant Oliveira.

2.   The Motion is granted as to the vicarious liability of Defendant Martins.

3.   The Motion is denied as to the comparative negligence of Plaintiff Del Campo-Aguila.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>7th</u> day of August, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE